The Honorable Jim Hill State Senator 100 Center Street Nashville, Arkansas 71852-3821
Dear Senator Hill:
I am writing in response to your request for an opinion regarding Arkansas Constitution, Amendment 32, which authorizes a property tax for county and city hospitals. You relay the following facts and pose the following question:
 Presently, a county-owned hospital in Pike County is financially supported by a rate of one mill on the dollar of the assessed value of real and personal property in the county. This one mill assessment has been in place for many years.
 Under Section 3 of Amendment 32, when one hundred or more electors of any county having a hospital [tax] in force shall file a petition with the county asking that the tax be raised, reduced or abolished, the question shall be submitted to the qualified electors at a general election.
 My question is: if the county presently has a one mill tax in place to support a county-owned hospital, does the county have the authority, under the procedure spelled out in Section 3 of Amendment 32, to conduct another election for the purpose of levying an additional rate of taxation not exceeding one mill on the dollar on the assessed value of real and personal property in the county in an effort to raise more revenue to support the county-owned hospital?
 In other words, can the county conduct another election for an additional one mill, which if successfully passed, would be added to the one mill already in place and effectively creating a rate of taxation of two mills on the dollar of the assessed value of real and personal property in the county?
RESPONSE
In my opinion the answer to your question is "no."
Amendment 32 to the Arkansas Constitution, §§ 1 and 3, are the applicable provisions with respect to your question. Section 1 addresses the initial levy of a hospital millage, and Section 3 addresses the raising, reducing or abolishing of an existing millage. These Sections provide in pertinent part as follows:
 Whenever in any county where there is located a public hospital owned by such county or by any municipal corporation therein, whether such hospital be operated by such county or municipal corporation or by a benevolent association as the agent or lessee of such county or municipal corporation, one hundred or more electors of such county shall file a petition with the county judge asking that an annual tax on real and personal property in such county be levied for the purpose of maintaining, operating and supporting such hospital and shall specify a rate of taxation not exceeding one mill on the dollar of the assessed value of real and personal property in the county. The question as to whether such tax shall be levied shall be submitted to the qualified electors of such county at a general election.
 * * *
 Whenever one hundred or more electors of any county having a hospital tax in force shall file a petition with the county judge asking that such tax be raised, reduced or abolished, the question shall be submitted to the qualified electors at a general election. Such petition must be filed at least thirty days prior to the election at which it will be submitted to the voters. The ballots shall follow, as far as practicable, the form set out in Section 1 hereof, and the result shall be certified and proclaimed as provided in Section 2 hereof and shall be conclusive in like manner. The tax shall be lowered, raised or abolished as the case may be, according to the majority of qualified electors voting on the question at such election, provided, however, that it shall not be raised to more than one mill on the dollar.
If lowered or raised the revised tax shall thereafter be continually levied and collected and the proceeds used in the manner and for the purposes provided in Section 2 hereof.
Arkansas Constitution, Amendment 32, §§ 1 and 3 (Repl. 2004) (emphasis added).
In my opinion it is clear that the millage authorized by Amendment 32 is limited to one mill. See, e.g, Ops. Att'y Gen.87-340 (stating that "amendment [32] establishes a ceiling of one mill as the maximum rate that may be levied on taxable real and personal property to this end"). Because, as you have noted, Pike County already levies a one-mill tax under Amendment 32, the millage may not be "raised" under Section 3 of Amendment 32. Section 3 contains a clear one-mill limit in this regard. In addition, in my opinion, the clearly applicable provisions of Section 3, with its one-mill limitation, may not be skirted by an attempted levy of an "additional" one mill under a duplicate application of the provisions of Section 1. In my opinion, therefore, the answer to your question is "no."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh